## COATES V. CHICAGO, M. & ST. P. RY. CO.

1. It being out of the usual course of business, the presumption is that a local station agent has no power to bind his company by a contract to ship property over connecting lines of railway, and such authority will not be inferred from the mere fact that the freight for the entire distance was collected by such agent.

2. A regulation promulgated and observed by a freight association, consisting of numerous railway companies, by which the capacity of tank cars owned by shippers, and not listed in what is denominated a "Joint Tank Line Circular," showing the actual weight, shall be estimated at 40,000 pounds, will not be declared unreasonable, in the absence of a reliable basis for computation, or anything to show that the gross amount of freight charged and collected thereunder was excessive.

(Syllabus by the court. Opinion filed Jan. 15, 1896.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action to recover excess freight charges. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Holman & Fleeger* and *V. V. Barnes,* for appellant.

A bill of lading is both a receipt and a contract, and parol evidence is admissible as to amount of goods delivered. Bank v. Railroad, 67 Ia. 526, 25 N. W. 769; Chapin v. Railroad, 44 N. W. 820, 79 Ia. 582.

*R. B. Tripp,* for respondent.

FULLER, J. Plaintiff instituted this action to recover certain freight charges paid under protest, and alleged to be in

excess of the amount for which the defendant expressly agreed to transport plaintiff's tank car of oil from different stations in Pennsylvania and other eastern points to Yankton, over its own and connecting lines of railway. The complaint relates to four distinct shipments, under express contracts, and states a a cause of action for overcharges in each instance, amounting in the aggregate to $108.40. The defendant interposed a general denial, and the court, by request of both parties, referred the issues of law and fact to A. H. Orvis, Esq., before whom the case was tried. Upon findings of fact and conclusions of law favorable to the defendant, prepared by the referee, and confirmed by the court, a judgment of dismissal was entered, together with costs, against plaintiff, in defendant's favor, from all of which plaintiff appeals.

The facts essential to a determination of the questions of law presented are in effect, as follows: The four shipments, about which there is a dispute as to the freight charges, were made in a tank car owned by appellant, who is engaged in the wholesale oil trade at Yankton, and the car contained at each shipment 6,064 gallons of oil, billed and rated at 40,000 pounds for each shipment. Basing his estimate upon the weight of several five and ten gallon lots contained in one of the shipments, and after testifying that the oil used in his trade was of uniform weight, appellant stated upon the witness stand that the actual weight of the oil contained in his car at each shipment was 37,803 pounds, and that respondent's local agent at Yankton promised and agreed to ship said oil at 45 cents per 100 pounds over connecting lines, from any point in Pennsylvania to the city of Yankton, estimated at 6 3-10 pounds per gallon. Chicago is the terminus of respondent's line of railway, and the schedule rate from that point to Yankton, as shown by the undisputed evidence, was 32½ cents per 100 pounds. While the schedule rate per 100 over connecting lines does not appear, the gross amount of advanced charges specified in the waybills, added to respondent's tariff from Chicago to Yankton aggregates in each

instance the amount which appellant was required to pay. It being out of the usual course of business for a railroad company to contract with reference to the use of other lines of railway, and there being nothing to show a course of dealing indicating an arrangement between the different lines over which appellant's car was transported, authorizing the local agent at Yankton to enter into a through contract, the presumption is that he was without power to do so, and such authority will not be inferred from the mere fact that the car was billed through, and the freight for the entire distance was collected by said agent. Page v. Railway Co. (S. D.) 64 N. W. 137; 1 Wood, R. R. (2d Ed.) 608. .

We think the referee was justified in finding from the evidence that no express contract ever existed between appellant and respondent for the transportation of oil to Yankton, from any point beyond the terminus of the company's line, and that the rate of shipment from Chicago to Yankton charged and collected was in strict accord with its scheduled and published rate of tariff; and without evidence that an excessive rate was charged upon lines east of Chicago, and in view of the fact that the difference between the rate from Chicago to Yankton and the entire amount collected, as shown by the respective expense bills, was, in due course of business, turned over to connecting lines, we are inclined to believe that appellant was not entitled to recover upon an implied contract, had the same been pleaded. From the bills of lading offered in evidence, it appears that the contents of the car at each shipment weighed 40,000 pounds, and it was also shown that the "Western Freight Association," of which respondent was a member, was governed in shipments of the character under consideration by what was known as a "Joint Tank Line Circular," in which the capacity of each tank car listed therein was shown, and in which it was published that the weight of tank cars not listed therein would be estimated at 40,000 pounds. As all railways west of Chicago were acting in accordance with, and were governed by, the rule thus

promulgated, and as appellant's car had not been placed upon the list. It is at least probable that the actual weight of the oil was not ascertained by any company over whose line the car was transported; but, in the absence of anything to show that the rule was unreasonable or the gross amount of freight charges excessive, we cannot say, upon the the entire record, that plaintiff was entitled to recover. Moreover, and independently of the foregoing regulation, there was no definite and/ reliable basis for a different computation; and, while the evidence is conflicting, we are convinced, from a regardful examination thereof, that the findings of fact are fully sustained, and the judgment of the trial court is affirmed.