Sutton v. Chicago & Northwestern Railway Company.

1. Comp. Laws, § 3905, provides that, if a common carrier accepts freight for a place beyond his line, unless he stipulates otherwise, he must deliver it at the end of his line to some other competent carrier, and that his liability shall cease on making such delivery. *Held*, that an

instruction in an action for a loss in shipment, which imposed on the receiving carrier a continued liability beyond his own line, and covering the negligence of the connecting carrier, was erroneous, since under the statute the liability of the receiving carrier ceased on delivery of the goods to the connecting carrier.

2. Where plaintiff, in an action against a carrier for a loss sustained in shipment, did not claim that a through contract was entered into, the question whether the amount collected by defendant's local agent to apply on prepayment of freight charges was sufficient to cover the entire amount collectible, including the charges of connecting lines, was immaterial, since a local agent, as such, has no authority to contract for shipments over connecting lines, and none can be inferred from the fact that he collected freight for the entire distance.

(Opinion filed December 5, 1900.)

Appeal from circuit court, Potter county. Hon. Loring E. Gaffy, Judge.

Action by William Sutton against the Chicago & Northwestern Railway Company, to recover damages sustained by the loss of a car of potatoes alleged to have been caused by the negligence of the defendant railroad company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*Coe I. Crawford,* for appellant.

*A. L. Ellis* and *Albert Gunderson,* for respondent.

Fuller, P. J. Plaintiff obtained judgment in this action to recover $375 damages sustained, it is claimed, by the loss of a car load of potatoes delivered to the defendant at Gettysburg, and negligently permitted to freeze while in transit, and the defendant appeals. Respondent loaded the potatoes into one of appellant's refrigerator cars on the 17th day of February, 1898, and the bill of lading recites that, at the owner's risk of freezing, the shipment is made from the consignor, at Gettysburg, to the consignee, at St. Louis, Mo. and the receipt of $130.10 to apply on freight is therein acknowledged.

It appears from the contract, and the evidence shows, that appellant's line of railway extends from Gettysburg, in the direction of St. Louis, no further that Sterling, Ill., and that the car was to be taken from that junctional point by the Chicago, Burlington & Quincy Railroad Company to its destination at St. Louis. It appears from the testimony that the car was promptly delivered to the connecting carrier at Sterling, and, in the absence of a stipulation to the contrary, it is urged by counsel for appellant that all liability of his client ceased at that point. While this was the theory of the defense, and no direct evidence was offered to show even the existence of a joint traffic arrangement between the two companies, the court, by modifying one of the written instructions proposed by appellant, without marking the same either "Given" or "Refused," as required by Section 5048 of the Compiled Laws, charged the jury, in substance, that, in the absence of an express agreement as to liability, it was appellant's duty to safely convey the property to St. Louis, and that until the same was delivered at that point its liability as a common carrier continued in full force and effect.

With reference to proposed instructions which he cannot give, the mandate of the above-cited statute to the trial court is that "he shall write on the margin thereof the word 'Refused,' * * * and all instructions asked for by counsel shall be given or refused by the judge, without modification or change, unless such modification or change be consented to by the counsel asking the same." Galloway v. McLean, 2 Dak. 372, 9 N. W. 98. But for the modification made by the court without counsel's consent, and on account of which an exception was taken, the jury would have been advised by the proposed instruction that "in the absence of any express agreement between plaintiff and defendant in relation to the liability of the defendant it would be the duty of the defendant to convey the property

in question, with safety and dispatch, from Gettysburg, where it received it from the shipper, to the junction point at Sterling, Ill., and there deliver it to the connecting line, the Chicago, Burlington & Quincy Railroad Company, for transportation to its destination, at St. Louis. Its responsibility as a common carrier would begin when the shipper had loaded the car and completely delivered the same to it for conveyance, and would end when it had delivered the car to such connecting carrier at Sterling, Ill." Considered in the light of the record presented on appeal, this instruction correctly states the law governing the case, and the modification thereof, imposing a continued liability upon appellant beyond its own line; and covering the negligence of the next carrier all the way to St. Louis, is at variance with the following statutory provision: "If a common carrier accepts freight for a place beyond his usual route, he must, unless he stipulates otherwise, deliver it at the end of his route in that direction to some other competent carrier, carrying to the place of address, or connected with those who thus carry, and his liability ceases upon making such delivery." Comp. Laws, § 3905. No claim is made that a through contract was entered into, and a local agent, as such, has no power to contract for the shipment of property over connecting lines of railway, nor will authority to do so be inferred from the fact that he collected freight for the entire distance. Page v. Railway Co., 7 S. D. 297, 64 N. W. 137; Coates v. Railway Co., 8 S..D. 173, 65 N. W. 1067. It therefore becomes unnecessary to determine whether the money collected by the agent at Gettysburg "to apply on prepayment of charges on freight" was sufficient to cover the entire amount collectible, and the conclusion follows that the liability of appellant, according to the statute, continued only until the car was delivered at Sterling, Ill., to the connecting line. Although this statute and our decisions are controlling, we cite a few of the cases as fol-

lows: Wehmann v. Railway Co. (Minn.) 59 N. W. 546; Hoffman v. Railway Co. (Kan. App.), 56 Pac. 331; Michigan Cent. R. Co. v. Mineral Springs Mfg. Co., 16 Wall. 318, 21 L. Ed. 297; Hewett v. Railway Co., 63 Iowa, 611, 19 N. W. 790; McConnell v. Railway Co. (Va.), 9 S. E. 1006. Appellant being liable only to the extent of its own route and for safe delivery to the connecting line, the instruction complained of, whether given by the court upon its own motion or as coming from appellant, as claimed by its counsel, constitutes reversible error, and it is needless to consider other points relied on by counsel in his brief. The judgment is reversed and the cause remanded for a new trial.