## COMEAU v. HURLEY et al.

In replevin involving cattle seized by defendants under execution as belonging to plaintiff's father, plaintiff could show conversations occurring many years previously between the father and his infant sons, including plaintiff, respecting their working a farm and buying cattle through him on their own account, though the conversations did not occur in defendants' presence, where defendants relied on an intent to defraud the father's creditors by transactions between him and his sons respecting the cattle.

A contract or transaction attacked on the ground of fraud or deceit, though evidenced by a written instrument, may be affected by parol testimony of the parties as to the motive prompting their action, and the preceding or accompanying facts and circumstances may be fully stated and explained.

An appellate court's attention must be directed to any infirmity in instructions given by specific exceptions to particular instructions; a general exception to all instructions given being insufficient to preserve the right to review.

It being undisputed in replevin that the property was worth $252,

and there being nothing in the record to indicate that a vedict was permitted by the court to be handed to the jury, an objection to the "form of the verdict presented by plaintiff and pemitted by the court to be handed to the jury, * * * 'We, the jury, find for plaintiff on all the issues and assess his damages in the sum of $252, with interest from the 3d day of June, 1905, at 7 per cent.' "—affords no ground for reversing a judgment for plaintiff, though the jury was instructed to assess his damages in that amount on finding that he owned the property.

The trial court having instructed that, if certain testimony was not contradicted, it was not conclusive that the same was true, and, it affirmatively appearing that the entire charge was not presented by the record, error was not shown in the refusal of an instruction that the mere fact that certain evidence was not disputed did not necessarily mean that it must be taken as absolutely true, but that the jurors should use their own experience, with the facts shown on the trial, in determining the truth of the matters in controversy.

(Opinion filed, July 22, 1908.)

Appeal from Circuit Court, Potter County. Hon. LORING E. GAFFY, Judge.

Action by George Comeau against Solon P. Hurley and another. From a judgment for plaintiff, defendants appeal. Affirmed.

*D. J. O'Keefe* and *Henderson & Fribourg*, for appellants. *S. M. Howard, A. J. Brower,* and *J. H. Bottum,* for respondent.

FULLER, J. At the trial of the issues presented by the pleadings in this action the jury found and the court adjudged respondent to be the owner of 5 cows, 3 steers, and 2 heifers of the value of $252, all of which were seized and sold with certain cattle and horses, belonging to his brother, Walter Comeau, in satisfaction of an execution issued against the property of their father, M. A. Comeau. The evidence tending to prove the ownership of respondent and the wrongful conversion of his property, as well as the questions of law presented on this appeal, are so similar to the recent case of Walter Comeau versus these appellants, reported in 22 S. D. — 115 N. W. 521, that counsel for appellant direct our attention to, and request us to consider the printed abstract and briefs filed on that appeal. Here, as in the action of his brother Walter against these appellants, the evidence is to the effect that respondent and several brothers resided with their mother upon, and had exclusive management of, a government homestead owned

by their father, whose business as a contractor and builder had kept him from home during the last 11 years almost constantly; his visits there being at intervals of about three months, and of but three or four days' duration. With the knowledge and approval of both parents, the boys of the family, including this respondent, have acted for themselves from childhood in all business transactions, and have collected their earnings and invested the same without parental interference. The testimony in both cases, so far as material, is practically the same, and tends to show that the cattle were bought by the brothers through the agency of their father, who on account of their minority signed a chattel mortgage executed thereon to secure the entire purchase price which the boys have been paying conformable to the family agreement entered into before any of such property was obtained, and the facts and circumstances are reasonably sufficient to justify the jury in finding the essential issue of ownership favorable to respondent and against both appellants.

Respondent was permitted to testify as to certain conversations occurring many years ago between the father and his sons, including this respondent, with reference to their working the farm, managing the business, and purchasing the cattle through him, but on their account; and the objection that such conversation was inadmissible because the same did not take place in the presence of appellants was very properly overruled. It was alleged in the complaint that respondent is the owner of the cattle so converted by appellants, and the arrangement and understanding between the father and the sons by which they were emancipated and given the right to acquire the property for themselves was vitally essential to his cause, and the facts and circumstances related on the witness stand as to what was said and done relative thereto constitute the best evidence of which the case in its nature is susceptible. The intent to defraud the creditors of M. A. Comeau by the transactions between himself and sons at the time the cattle were purchased and the subsequent execution and delivery of a certain bill of sale offered by the defense and received in evidence was the groundwork and essence of appellant's justification for the seizure and sale of the property under execution. Though fraud and de-

ceit are regarded by the law with abhorence, no invariable rule of
proof is contained in the books, and yet it is well settled that a con-
tract or transaction assailed on that ground, though evidenced by a
written instrument, may be destroyed or sustained by the parol tes-
timony of the parties as to the motive that prompted their action
and the preceding or accompanying facts and circumstances may be
fully stated and explained.

The remaining assignments of error pertaining to the rulings
of the trial court on the admission or rejection of testimony being
similar and likewise without substantial foundation, they present no
question that justifies any further discussion.

Nor can the numerous errors predicated upon the following
exception to the court's charge to the jury be considered. "The de-
fendant objects and excepts to all instructions given by the court
to the jury, and also to the form of the verdict presented by plain-
tiff and permitted by the court to be handed to the jury, the said
verdict being in the following form: 'We, the jury, find for the
plaintiff on all the issues and assess his damages in the sum of
$252 with interest from the 3d day of June, 1905, at 7 per cent.'"
The attention of the appellate court must be directed to the infirm-
ity of the trial court's charge by specific exceptions to particular
instructions, and a general "exception to all instructions given by
the court to the jury" is not sufficient to preserve the right of re-
view. Banbury v. Sherin, 4 S. D. 88, 55 N. W. 723; Calkins v.
Seabury-Calkins Consol. Min. Co., 5 S. D. 299, 58 N. W. 797. It
being affirmatively shown by the undisputed evidence that the
property taken, concerning the identity of which there is no ques-
tion, was worth $252, and there being nothing in the record to
indicate that a verdict was phrased, "and permitted by the court
to be handed to the jury," the general objection above quoted af-
fords no reason for a reversal, although the jury was instructed to
assess respondent's damages in that amount provided he was found
to be the owner of the cattle. The court having charged "that the
fact, if it exist in this case, that certain testimony has not been con-
tradicted, is not conclusive upon this jury that the same is true,"
and it affirmatively appearing that the entire charge is not presented
on this appeal, error cannot be presumed on account of the refusal

to give the following instruction: "You are instructed that the mere 'fact that certain evidence is not disputed does not necessarily mean or indicate that such evidence must be taken as absolutely true, but you will use your own experience and observation, and these, with the facts and circumstances shown on the trial, should be employed by you in determining the real truth of the matters in controversy. And this will apply to the value of the cattle in controversy as shown by the evidence."

As substantially the same instruction had been given, and there is no available exception to the charge, there is nothing to justify a reversal, and the judgment appealed from is affirmed.