·GALLOWAY ET AL v. McLEAN ET AL.

1. ERRORS APPARENT ON RECORD: REVIEW OF. Errors patent upon the record are open to review in this court, without exception taken in the District Court; and such errors must be determined by an inspection of the record.

2. PRACTICE: INSTRUCTIONS: MUST BE GIVEN AS REQUESTED, OR DIRECTLY REFUSED. A party is entitled to a direct response, in the mode provided by section 248 of the Code of Civil Procedure, to his requests for specific instructions to the jury; and the Court failing to endorse the requests as either "given" or "refused," but giving a part of such requests with modifications: *Held*, error, for which this court will reverse.

3. SAME: INSTRUCTIONS: EXCEPTIONS TO. Exceptions to instructions by the Court should point out the specific portions of the charge excepted to; and alleged errors in the charge not so pointed out, will not be considered by this court.

*Appeal from the District Court of Burleigh County.*

*John B. & W. H. Sanborn,* for appellants.

*Flannery & Wetherbee,* for respondents.

No briefs on motion filed.

SHANNON, C. J.—According to section 248 of the Code of Civil Procedure, when instructions are asked which the Judge cannot give, he shall write on the margin thereof the word, "*refused,*" and such as he approves, he shall write on the margin thereof "*given.*"

Galloway et al v. McLean et al.

And it is further provided that all instructions asked for by counsel shall be given or refused by the Judge, without modification or change, unless such modification or change be consented to by the counsel asking the same. Thus a very important right is given to a suitor, of which he cannot be deprived, until the constitutionality of the enactment be successfully assailed, which is not here attempted.

From an inspection of the record in this case, it is apparent that the defendants asked five specific instructions, in writing, from the Court, and that the Statute above referred to was not complied with. There is no writing on the margin thereof to disclose whether any of them was refused or given, nor is there any endorsement upon them to disclose what disposition the court made of them.

In the charge of the Court to the jury, incorporated into the record by the bill of exceptions, we find, however, that whilst the Court gave defendants' request, numbers one, four, and five, to the jury, yet it was with admittedly further explanations, which modified or changed the tenor of those requests. This, in our view, cannot be done. The Judge, in our opinion, should have refused these points if they did not correctly state his own view of the law governing the case. Upon refusing them, he was still at liberty to state the general rule with any exceptions thereto, which, in his opinion, would govern the case as disclosed by the evidence. The course pursued was likely to confuse the jury; and at all events the party was entitled to a direct response to his requests in the mode expressly provided for by the Statute.

In the charge to the jury we find the following, to-wit: "Instructions Nos. 2 and 3 asked by the defendants are refused except as given hereafter by the Court, (Nos. 1, 4 and 5 read to the jury, with the following explanations by the Court.) I give you these instructions, but right here I must give further explanations." Then follow the explanations or modifications.

We have already decided, in *Holt v. Van Epps*, and in *Dole v. Burleigh*, (1 Dak. Rep., 224 and 235,) that errors patent upon the record are open to revision here, without exception taken in the District Court; and that such errors as are apparent from an

inspection of the record must be determined by that inspection. For these reasons the judgment must be reversed and a new trial granted.

We cannot omit to refer to the defendants' exceptions to the Judge's charge, because they do not seem to come up to the requirements of the law.

An objection or exception should state the point with accurate clearness, so that there can be no question in the Appellate Court relative to what the question is. Exceptions to the charge of a Court should point out the specific portions of the charge excepted to. If taken to "each and every ruling severally, separately and distinctly," it amounts to nothing. The office of an exception is to point out some specific error in law, and the counsel should, by his exception, lay his finger upon the precise request refused, *or the error in the charge,* not only that the court may, upon the error being pointed out, correct it, but also that the court of review may not be left to spell out and dig up errors which after they are discovered, may be more apparent than real, and may have arisen from mere inadvertence or misapprehension upon the trial.

Upon examination of the defendants' exceptions to the charge, it will be found that no part of the charge is embodied in the exceptions. For these reasons it is not incumbent upon us to notice, as to the charge, any of the points attempted to be made by such imperfect exceptions.

All the Justices present concurring.