## BANBURY V. SHERIN.

1.  A complaint which alleges the making of a  verbal  lease for a term not
    specified, but from "month to month," and the giving of a month's notice
    to the lessee to quit, shows a termination of the lease.

2.  The recording of a deed not entitled to record  by reason of defective ac-
    knowledgment does not carry constructive notice of  its contents, but—

3.  Such defectively acknowledged deed, being good  between the parties to
    it, is  competent  evidence tending to show ownership in  the  grantee,
    and consequently his right to give notice to quit.

4.  An exception as follows:  "We except to each of  the instructions given
    by the court to the jury, respectively," is not  such an exception as en-
    titles appellant to a  review  of  the  general  instructions given by the
    court to the jury.

5.  When a tenant remains in possession of leased property after the expira-
    tion of the term of the hiring, and the lessor  accepts  rent, the parties
    are presumed to  have  renewed  the  hiring on the same terms and for
    the same time, not exceeding one year.    Section 3741, Comp. Laws.

6.  In this case appellant hired for one year from April 1, 1886, at a monthly
    rent.    He held over, paying rent, without any new contract, to his les-
    sor, thus renewing the old lease for another year.    In the same manner
    it was renewed for a third year.    During the last month  of  the  third
    year  respondent, who  had  purchased the premises of the lessor, gave
    the lessee written notice that the lease would  not  be  renewed, and to

surrender the possession on or before May 1, 1889. *Held,* that after said May 1, 1889, appellant was in wrongful possession, and respondent was entitled to recover damages therefor.

7. *Held, further,* that respondent did not renew the lease for another year by making an unsuccessful demand upon appellant for rent for use of the premises for the month of April, for such rent accrued, if at all, not under or by virtue of the lease, but under the license of the notice, which distinctly refused to continue or renew the lease, but gave appellant a month in which to remove from the premises.

(Syllabus by the court. Opinion filed June 26, 1893.)

Appeal from circuit court, Marshall county. Hon. A. W. CAMPBELL, Judge.

Action for damages for wrongfully holding over real property after the expiration of the term of tenancy. Plaintiff had judgment. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*A. Sherin (A. B. Melville* and *S. B. Van Buskirk, of counsel,)* for appellant.

The plaintiff could not combine two actions against the defendant, one as a trespasser and the other as a tenant. Am. Enc. Law, 759; Wood's Law & Ten. § 557.

*Byron Abbott,* for respondent.

Error cannot be alleged where no exception was taken to the order denying appellant's motion for a new trial. Bostwick v. Knight, 40 N. W. 344; Lamet v. Miller, 11 Pac. 745; Purdam v. Taylor, 9 Pac. 607; Guthrie v. Phelon, 6 Pac. 107; Gulliher v. Railroad, 13 N. W. 429; Redding v. Page, 3 Id. 427; Williams v. Water Co., 4 Pac. 382. An appeal will not lie from a judgment where there is no record of its entry. Meysan v. Chabrie, 7 Pac. 634; Kness v. Hershey, 16 Pac. 548; Heilbron v. Centerville, 17 Pac. 932. A motion to instruct the jury to return a verdict where no grounds are stated is properly denied. Sylvia v. Holland, 16 Pac. 385; Franz v. Milenz, 37 N. W. 728; Cullom v. Paul, 8 Pac. 187; Moore v. Tice, 22 Cal. 514. A motion for a new trial should specify the errors upon which

it should be granted. Caulfield v. Bogle, 2 Dak. 464; McCormack v. Phillips, 34 N. W. 61; Gaines v. White, 1 S. D. 434; State v. Chapman, 1 S. D. 414.

KELLAM, J. This was an action by respondent against appellant to recover damages for wrongfully holding over real property after the expiration of his term. The complaint was in two counts, the first claiming double damages under Section 4609, Comp Laws, for wilfully holding over; and the second, damages generally for wrongfully holding over. In each count or cause of action the complaint alleged that at the time of the making of the lease under which the defendant went into possession the demised premises were owned by plaintiff's grantor, with whom the original lease was made; that subsequently and during defendant's occupancy as such tenant, plaintiff purchased and became the owner of such premises, and notified defendant of such transfer; that the original lease between defendant and plaintiff's grantor was a verbal one, and was from month to month, commencing March 1, 1886; that after plaintiff's purchase of the premises, and his notice thereof to defendant, he gave defendant 30 days' notice in writing to quit said premises on or before the end of the next ensuing month, and that defendant refused so to quit, but continued to wrongfully hold and occupy said premises against the will of the plaintiff. The answer denied generally, except that it admitted plaintiff's ownership at the date of the answer by transfer from defendant's original landlord. Upon trial to a jury plaintiff recovered judgment, and the defendant appealed.

Upon the trial defendant objected to the introduction of any evidence by plaintiff under the first count of the complaint, on the ground that no cause of action is stated. The overruling of this objection is the first error assigned. In his argument appellant does not specify wherein he regards the complaint defective, except to say that it does not show a termination of the lease. The complaint alleges no specified term for

which the premises were demised, except that the "lease was verbal, and from month to month," and that plaintiff gave defendant a month's notice as already stated. This was sufficient to terminate such a lease. Section 3742, Comp. Laws.

The second error alleged is the admission of the deed from the former owner and landlord of the defendant to plaintiff because of defective acknowledgment, and because no proper foundation had been laid for its introduction. The genuineness of the grantor's signature had been proved, and, although the acknowledgement was defective, it was operative to pass the title to plaintiff. If not entitled to be recorded on account of such defect, the defendant would not be charged with constructive notice by reason of the record, but notice to defendant was an independent question. His answer denied plaintiff's ownership at the time the notice to quit was alleged to have been given, and the deed was admissible to prove such ownership, and thus show plaintiff's right to give the notice.

It is next urged that the court erred in admitting as evidence the written notice to quit, served on defendant by plaintiff. Appellant contends that the evidence showed this to be a tenancy from year to year, and as such could only be terminated by a six months' notice, as at common law. The evidence tended to show, and we think did show, and the case was tried upon that theory, that the defendant rented the premises of plaintiff's grantor for one year from April 1, 1886, at a fixed rate per month, and that, without any new contract or lease he continued to occupy the same as the tenant of plaintiff's grantor until February 28, 1889, when plaintiff purchased the premises. The notice to quit was served on defendant March 28, 1889, and required him to surrender the premises on or before May 1, 1889.

The only important question in the case is, what notice, if any, under the facts proved, was either party entitled to, in order to terminate the lease or tenancy? The trial court, among other things, instructed the jury that under our statute, when

defendant, as tenant, held over after the expiration of the year for which he originally leased the premises, and paid his land-lord rent therefor, the parties are presumed to have made another lease or contract just like the original one, and that the landlord, upon the expiration of the second or any sub-sequent year, might terminate such tenancy by a thirty days' notice. We do not think appellant's exception to the court's instructions requires us to review them. It was: "We except to each of the instructions given by the court to the jury, re-spectively." In Kennedy v. Falde, (Dak.) 29 N. W. Rep. 667, the territorial supreme court characterized such an exception "as no exception at all." See, also. Galloway v. McLean, 2 Dak. 372, 9 N. W. Rep. 98, where the court says: "If taken to each and every ruling severally, separately and distinctly,' it amounts to nothing." But as applied to the undisputed facts in this case, we think there was no error in the instructions to the prejudice of the defendant. The contention of appellant is that, upon the facts proved, he was a tenant from year to year, and that such tenancy can only be terminated by a six month's notice. To what extent our civil code has modified or displaced the common law as to tenancy from year to year, and the rights and incidents attaching to such tenancy at common law, we shall not now discuss, for, if the facts in this case bring it with-in the scope and perview of the provisions of such code, the common law is inapplicable. Section 2505, Comp Laws. By Section 3741, Comp. Laws, it is provided: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time not exceeding one year." The original lease in this case was for a year, at a monthly rental, and ex-pired April 1, 1887. Under the provisions of the foregoing sec-tion, when the lessee held over into the second year, and the lessor accepted rent, the lease was presumed to have been re-newed for another year, expiring April 1, 1888, and in the same

way it was again renewed April 1, 1889. In each case it was a lease for one year, and the lessee, by holding over, became a tenant or trespasser at the will of the landlord, until the lessor had accepted rent, and when that was done he became tenant for another year. Schuyler v. Smith, 51 N. Y. 309; Conway v. Starkweather, 1 Denio 113; Tayl. Land. & Ten. §§ 22, 524. The sections quoted says a new lease is presumed to be made upon the same terms as the preceding one. The rights and liabilities of the parties are the same as though a new lease had actually been made. Appellant cites. cases from Wisconsin and Nebraska holding that such a tenancy can only be terminated by a six months' notice, as at common law; but they go upon the theory, and it is so expressly provided by statute in Wisconsin, that such a holding over with consent of the landlord constitutes a tenancy from year to year, whereas our statute declares, not that such facts create a tenancy from year to year, but a tenancy for a definite and fixed term, to-wit: one year in this case, and therefore not a tenancy from year to year. When respondent bought these premises he took them subject to the rights of appellant to hold until the termination of the term for which he had leased them,—that is, until April 1, 1889,—and appellant had no right to hold them longer, except by the consent of such owner, express or implied. No such consent was given, but, on the contrary, appellant was notified in writing before April 1, 1889, that such consent would not be given. The notice, however, required him to leave the premises on or before May 1, 1889. This was probably a license to hold until, but only until, that time, and his remaining would not be wrongful until then. The court so instructed the jury.

It is further complained that the court erred in refusing to instruct the jury that, if they should find that the defendant "did not wilfully remain in possession of the premises in controversy after the 1st day of May, 1889, but that, on the contrary, he supposed or believed he had a right to continue in

possession another year under his agreement with Leach, (plaintiff's grantor) then the plaintiff cannot recover in this action, but will be left to his right to recover the rent in a proper action for that purpose." The instruction was properly refused. Appellant's rights, as a tenant or otherwise, did not depend alone on his understanding of them. He could not establish himself as a tenant for another year by showing that he thought he was, or so fix the measure of damages for wrongfully holding over at the rent he had agreed to pay to a former landlord in the original lease. The court had already instructed the jury that, if they found that defendant "held possession of the premises, believing, and having reason to believe, that he was entitled to continue in possession, then the holding would not be wilful, and only the value of the rent of the premises should be allowed as damages." This, we think, was right, and correctly defined the rights of the parties in this respect.

It is further urged that the court erred in refusing to charge the jury, as requested by the defendant, that, if the plaintiff demanded rent after the service of the notice to quit, "he thereby waived the effect of such notice, so far as any claim for the recovery of more than the actual amount of rent agreed upon may be concerned." There was no error in such refusal. The court had already instructed the jury that defendant's possession was wrongful, if wrongful at all, only from the expiration of the notice, to-wit, May 1, 1889, and that damages should be reckoned, if at all, from that time. The notice was served in March. Plaintiff might properly have demanded rent for the month of April, during which defendant held, not under the lease, but by license of the notice. The evidence of defendant is that at the end of April plaintiff called on him for the rent for that month, which defendant refused to pay. There was nothing in this, under the circumstances, that could work a renewal of the lease. We discover no error in the record for which the judgment should be reversed, and it is affirmed. All the judges concurring.