## McDERMOTT v. CARROLL.

Defendant cannot recover of plaintiff for rent of a place, there being no express agreement therefor, and it appearing merely that another person had bought the property with an understanding that defendant might take it off his hands, but that defendant neither rented nor bought it of him.

(Opinion filed December 17, 1898.)

Appeal from Lawrence county court.   Hon. WILLIAM A. RINEHART, Judge.

Action by Mrs. Jeff McDermott against Matthew Carroll. Judgment for plaintiff.   Defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Chas. E. Davis,* for appellant.

*W. S. Elder* and *W. O. Temple,* for respondent.

FULLER, J.   Among the items pleaded as a complete defense to the several causes of action stated in the complaint herein and by way of counterclaim it is alleged:  "That the defendant furnished to the plaintiff a home in which the plaintiff and her family lived, and in which she kept boarders, which was of the reasonable rental value, for the period the same was occupied by the plaintiff, of one hundred and seventy-five dollars ($175), which amount the plaintiff promised and agreed to

pay, no part of which has been paid, though long since due."
The only witness offered in support of the foregoing, which is
denied, was the defendant himself, who after stating that,
without a lease, plaintiff occupied the premises, the reasonable
rental value of which was $20 per month, testified on cross-
examination as follows: "Q. You didn't own that house? A.
I had it under consideration from—. You didn't own that house?
A. I got D. A. McPherson to buy that house in for me. Q. How
much did he buy it in for? A. I don't know. Q. Didn't you
buy it in for $10? A. I don't know. I was taking out ore at the
time, and I told him to buy it in for me, and I thought I would
be able to take it off his hands. I had a chance, but another
fellow took it away from me. Q. You say Mr. McPherson
bought it for you? A. Yes sir. Q. At some public sale? A.
Yes sir. Q. Before or after Mrs. McDermott went there? A.
Before. Q. Mr. McPherson owned it then at that time? A.
After he bought it before I paid for it. Q. Mr. McPherson
owned it the whole time Mrs. McDermott lived in it? Did you
pay any rent for it? A. No. Q. And didn't have any lease?
A. No. Q. And you never bought it of him since? A. No."

Plaintiff recovered judgment, and the defendant on appeal
to this court, maintains that upon the foregoing testimony the
court erred in charging the jury as follows: "Defendant, by
his own testimony, admits that there was never any formal
lease by him to Mrs. McDermott of the house kept by her at
Blacktail, and that there was never any express promise or
agreement on her part to pay him any stipulated rent for the
said house, or to pay him any rent whatever. Upon this state
of facts the defendant is not entitled to recover any rent for this
house without showing that he was the owner thereof, or in

some way entitled to receive the rents for the same, and then he would be entitled to recover its reasonable rental value. The court instructs you that there is no testimony whatever to show that the defendant owned the house in controversy during the years 1893 and 1894, or that he had any right to collect and receive rent therefor, but, on the contrary, the defendant, by his own testimony, admits that he was not the owner of the house during such time, and that he had no lease therefor. For these reasons you are instructed that the defendant is not entitled to recover anything against the plaintiff for rent of said house." The burden rested upon appellant to show the relation of landlord and tenant by an agreement, express or implied, or to establish in some manner his right to charge and receive rent. The instruction complained of being fully supported by the evidence, and, as a matter of law, justified, the judgment appealed from is affirmed.