## BALDWIN v. BOHL.

Rev. Civ. Code, § 2322, provides that in actions for forcibly eject-- ing or excluding a party from possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the action complained of. **Held** that, where defendant was holding the possession of property under a claim of right, he was not liable under such section.

Under Rev. Civ. Code, § 2313, providing that the detriment caused by the wrongful occupation of real property, etc., is deemed to be the value of the use of the property for the time of such occupation, etc., one occupying real property wrongfully, and not under a lease or agreement to pay rent, is required to compensate the owner and to pay him therefor the damage or detriment caused by such occupation and use of the premises.

Under said section, the owner in such case may waive the tort or trespass, and recover the actual value and use of the property during the time its possession is witheld from him.

Under said section, where the evidence showed that defendant unlawfully occupied plaintiff's property and cropped the same, and that the value of plaintiff's interest in the crop or rental was by custom one-fourth of the value of the crop, a judgment for such sum in plaintiff's favor was properly rendered.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Action by Emma B. Baldwin against Emil G. Bohl. Judgment for plaintiff, and, from an order denying a new trial, defendant appeals. Affirmed.

*W. F. Corrigan* and *Taubman, Williamson & Herreid,* for appellant. *Sterling & Clark,* for respondent.

CORSON, J. This case is before us on appeal from a judgment entered upon a directed verdict in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff to recover of the defendant treble the value of the use and occupation of a certain quarter section of land situated in Spink county. It is alleged in the complaint, in substance, that the plaintiff is the owner of said premises; that about the 2d day of April, 1906, the defendant, without right, leave, or authority so to do, entered upon the possession of said premises, and has ever since used and cultivated and cropped the same for his own use and benefit, and against her demand for possession; that about the

25th day of April, 1906, plaintiff sought to enter upon said premises
for the purpose of cultivating and cropping the same; but that
thereupon defendant, without reason or cause, forcibly ejected and
excluded her from the possession of said real property; that 150
acres of said land was cultivated by the said defendant, who kept
and retained the entire crop therefrom, and converted the same to
his own use and benefit; that the premises yielded during the
year 1906, 1,920 bushels of wheat and 2,450 bushels of barley, and
that the plaintiff was entitled to the value of one fourth thereof,
being $476.55, and that by reason thereof plaintiff is entitled to
judgment for treble damages for which she prays judgment for
$1,429.65, and costs and disbursements in this action.  The de-
fendant in his answer denied the allegations of the complaint, and
for a second defense alleged that about the month of April, 1905,
Benj. J. Baldwin, the husband of the plaintiff, was in possession
of said real estate and premises described in the complaint, claim-
ing to own the same; that on or about said month of April, 1905,
the said defendant and the said Baldwin entered into an oral agree-
ment wherein and whereby it was agreed that the defendant should
trade to the said Benj. J. Baldwin a certain quarter section of land
described for the real estate described in the complaint; that, in
pursuance of said agreement, said Baldwin did enter upon, and
take possession of, and did farm the said quarter section of land
during the years 1905 and 1906, and that said Benj. J. Baldwin,
as the defendant is informed and believes, was the real and actual
owner of the real estate described in the complaint.  At the con-
clusion of the evidence, the defendant moved for the direction of a
verdict in his favor, and thereupon the plaintiff moved for the di-
rection of a verdict in her favor.  The court denied the defendant's
motion, but granted the motion of the plaintiff, and directed a ver-
dict in her favor for the sum of one-fourth of the value of the
wheat and barley amounting to the sum of $381, for which judg-
ment was duly entered in favor of the plaintiff and against the de-
fendant.

It appears from the abstract and additional abstract that an
action was commenced by the defendant against Benj. J. Baldwin
to enforce the specific performance of said alleged contract between

the defendant and the said Baldwin, and that prior to the commencement of this action that action had been dismissed, a demurrer to the complaint having been sustained by the court. It is disclosed by the evidence that said Benj. J. Baldwin, the husband of the plaintiff, had never become the owner of the quarter section of land which it was alleged by the defendant he had agreed to exchange with him for the quarter section of land owned by the plaintiff in this action, but that he had an agreement by which said premises was to be conveyed to him from its owner, but which agreement was never carried into effect, and the property was purchased and paid for by the plaintiff. It is stated in the brief and argument for the appellant that the only question in this case is: Was the defendant liable for the use of the premises during the cropping season of 1906? It is contended by the appellant that as the defendant had gone into possession of the real estate, under a verbal contract of trade with the husband of the plaintiff, and that when the fee of the real estate passed to the plaintiff, she had full knowledge of defendant's possession and of his claim under the agreement with her husband, she therefore took the real estate with the full knowledge of the rights of the defendant, and consequenty could not recover in this action for the value of the use and occupation of the premises; that this action is essentially to recover rent, and that, in order to recover rent, plaintiff must show an agreement, express or implied, to pay rent, and that the record in this case shows that there was no such intention of defendant to agree to pay rent, and therefore the plaintiff was not entitled to recover rent in this action.

It is contended, however, by the respondent that the undisputed facts show that the plaintiff is the owner of the land, and has been at all times the owner thereof, since October 9, 1905; that the defendant used it during the cropping season of 1906, and took therefrom $1,524.14, in value, of produce; that the usual and customary rent for farm lands that year in that neighborhood was one-fourth share delivered at the elevator, and that the rent due the plaintiff for the crop during the year of 1906 was the sum of $381.04; that defendant had not paid anything for the use of the land, and absolutely refused to pay to anyone, denying liability

therefor; that the claim upon which the defendant based his rights to possession of the land during 1906 was litigated resulting adversely to his contention, and the action terminated before the commencement of the present action. The court, in directing a verdict, seems to have adopted the contention of the respondent in directing a verdict in favor of the plaintiff. There were no buildings or other improvements upon the premises in controversy, and it is disclosed by the evidence that in the spring of 1906 the plaintiff forbade the defendant from entering upon the said land or cropping the same, unless he accepted a farm lease from her, which he refused to do, but proceeded to cultivate and crop the premises, raising the crop heretofore referred to.

It is provided by section 2313 of our Revised Civil Code that: "The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 2314, 2320, 2321 and 2322, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the rights to damages, and the cost, if any, of recovering the possession." Sec. 2314 provides for damages for the willful holding over of property. Section 2320 provides for the failure of a tenant to give up possession of the premises. Section 2321 provides for willfully holding over. And section 2322 provides that in actions for "forcibly ejecting or excluding a party from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complainded of." This action therefore, if maintainable, is maintainable under the provisions of section 2313 above quoted, as the court very properly found that as the defendant was holding possession of the property under a claim of right, he was not liable for the treble damages provided for in section 2322.

In 18 Am. & Eng. Ency. of Law, 265, the rule as to implied contract to pay rent is thus stated: "When the entry by the defendant was peaceful, though without any agreement with the owner, as where at the time of the defendant's entry the premises were vacant, it has been held that the owner could acquiesce in such entry and treat the occupier as his tenant, so as to enable

him to recover in assumpsit for use and occupation." We are of the opinion that the facts as disclosed by the record in this case bring the same within the rule above stated.

It will be observed that by section 2313 the owner of the real property is entitled to recover for the detriment or damage caused by the wrongful occupation of real property, and that there is no condition therein limiting the recovery to cases in which there is an agreement for rent, express or implied. If a party therefore occupies real property wrongfully, and not under a lease or agreement to pay rent, he is still required to compensate the owner, and to pay him therefor the damage or detriment caused by such occupation and use of the premises. The owner in such case may waive the tort or trespass and recover the actual value and use of the property during the time its possession is withheld from him. Section 2313 of our Code is a literal copy of section 1861 of the proposed Code of New York, and the commissioners in their note to that section, cite as authority, upon which the same is based, Jackson v. Wood, 24 Wend. (N. Y.) 443. That case was an action in ejectment to recover possession of property, and was decided in favor of the plaintiff. Thereupon, under the proceedings in the old common-law practice, a suggestion was made that the plaintiff was entitled to $20,000, for the use and occupation of the premises. The court in sustaining the plaintiff's contention, and as to the manner of ascertaining the amount of detriment caused by the wrongful occupation of the property, says: "As rents in the city of New York, where these premises are situate, are payable at the usual quarter days, I think the referees, in ascertaining the value of the mesne profits, were warranted in adding to the annual rent the interest quarterly. So much the plaintiff has lost, and the defendant enjoyed, by means of the wrongful possession." In the case at bar it was clearly established by the evidence that the plaintiff was the owner of the property; that the defendant occupied and cropped the same during the year 1906, and that the value of the plaintiff's interest in the crop or rental for that year by custom was one-fourth of the value of the crop raised, which seems to be conceded amounted to $381.04, and, these facts being undisputed, the court was clearly right in directing a verdict in favor of the

plaintiff for the value of one-fourth of the crops so raised by the defendant upon the premises, as the detriment caused by the defendant's unlawful occupation of the same. McDermott v. Carroll, 11 S. D. 323, 77 N. W. 579; Olson v. Huntamer, 6 S. D. 375, 61 N. W. 479.

In the view we have taken of the case, and the construction we have given to the section of the Code relating to the recovery of damages for the wrongful occupation of property, we have not deemed it necessary to review the authorities cited on the part of the defendant, nor to review the evidence in the case, nor to reproduce it in this opinion, as the evidence is undisputed as to the main facts involved in the case, and the court ruled with the defendant as to plaintiff's claim for treble damages.

The judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J., taking no part in this decision.