BUELL, Appellant, v. GREENE, Respondent

(287 N. W. 509.)

(File No. 8240.   Opinion filed August 25, 1939.)

H. F. *Fellows,* of Rapid City, for Appellant.

*Philip & Leedom,* of Rapid City, and *John T. Heffron,* of Deadwood, for Respondent.

WARREN, P.J. Plaintiff brought suit for damages against the defendant charging that she wilfully, maliciously and wrongfully, without authority and without his (the father's) consent, changed the name of his child to Betty Jo Greene. A demurrer to the complaint was overruled and the defendant thereupon interposed an answer in the form of a general denial. Said answer admitted certain paragraphs of plaintiff's complaint and pleaded certain matters as a defense under the designation of "affirmative answer". Plaintiff demurred to a portion of the answer, setting up the following grounds: "Plaintiff hereby demurs to each of the affirmative answers which are contained in paragraphs 5 and 6, respectively, of defendant's answer herein, for the reason that the allegations thereof do not state facts sufficient to constitute a defense to the complaint in this action."

The demurrer was overruled and an appeal perfected to this court from the order overruling the demurrer. Paragraphs V and VI of Respondent's answer demurred to are as follows:

"V. Defendant for a further affirmative answer to plaintiff's complaint, alleges and shows to the Court that the plaintiff, William Buell, has so conducted his private life in the community in which he has lived all of his life, that any act on the part of this defendant could in no manner and in no way result in either humiliation, insult, mental distress or mortification to the plaintiff, all of which is well known to the plaintiff, and that this action is brought not for the purpose as claimed by the plaintiff, but solely for the purpose of humiliating, mortifying, and insulting this defendant and her said daughter, Betty Jo, and for the further purpose of causing them embarrassment, annoyance, and involving them in expensive and needless litigation.

"VI. Defendant for a further affirmative answer to plaintiff's complaint alleges and shows to the Court that the plaintiff not only during the marriage of plaintiff and defendant, but since by his

conduct, both at the family home and in public, not only in Rapid City but in California, has always shown a lack of affection and regard, not only for this defendant, but for the minor child, Betty Jo, in this, that he has so demeaned himself as to bring public humiliation, mortification, insult and disgrace to the family home by reason of his drunkenness and wild association, which was the basis upon which the marital happiness of the plaintiff and defendant became and was disrupted, severed and destroyed, and which general conduct on the part of the plaintiff has continued ever since said parties were divorced and up to the time and after this suit had been instituted."

The assignment of error before us questions the overruling of appellant's demurrer to Paragraphs V and VI of respondent's answer. The sufficiency of the appellant's complaint is not challenged by respondent in this court; we therefore will refer to the complaint only for the purpose of ascertaining the charges made against the respondent in order to determine the allegations of justification pleaded in respondent's answering Paragraphs V and VI. The issues as framed and placed before us require an examination of Paragraphs V and VI of the respondent's answer demurred to in her attempted justification by showing acts and conduct of the appellant negating the statements in his complaint in which he pleads affection and regard for his daughter.

Betty Jo was born to appellant and respondent during wedlock. After the parents were divorced, Betty Jo took up her residence with her mother who married one Greene and it would seem from the pleadings that shortly after said marriage and without the knowledge or consent of the appellant, the child was named Betty Jo Greene and was known thereafter by that name instead of Betty Jo Buell.

Appellant is suing respondent claiming rights which in his judgment belong to him by reason of the former marriage relation and claims in his complaint that he has been insulted, mortified, humiliated and mentally injured by reason of his former wife's giving to and calling their daughter, Betty Jo Buell, the name of Betty Jo Greene. For that he wants not only actual damages but exemplary damages as well. He alleges that the respondent acted with malice and with intent to injure him. The appellant states that it must be remembered that he is not seeking to recover dam-

ages for loss of standing in the community, loss of reputation or other injuries or damages which are akin thereto, yet he states that because respondent changed the name of the child it caused him great mental distress and suffering and anguish, great mortification, embarrassment, humiliation, indignity and injury to his feelings, to his actual damage in the sum of $50,000; also that he ought to have $50,000 exemplary damages. The respondent insists that paragraphs V and VI were necessary and proper parts of her answer, the pleading of which will permit her to introduce testimony so that a court and jury may know all about the relation of the parties, about the appellant's social standing in the community, his honor and integrity and that if the respondent can prove the allegations of these paragraphs it will furnish important facts in mitigating the damages.

In Gamble v. Keyes, 35 S. D. 644, 153 N. W. 888, 890, this court considered somewhat similar questions. The appellant in that case sought to strike out the objectionable paragraphs and later demurred to certain matters pleaded in justification and for the purpose of mitigating the damages. This court held that where the complaint alleged that the wrongful acts complained of were done maliciously and where exemplary or punitive damages might be awarded that it is proper under the code system prevailing in this state that denials and statements of new matters constituting defenses may be set forth, and we quote:

"'A particular defense, may therefore, when set up in answer to one complaint, be new matter and require to be pleaded. The same kind of defense, when set up in answer to another complaint, may not be new matter, but may be proved under the general denial without being specially pleaded. * * * There are, however, two special classes of defenses which, though embraced under the denomination of new matter, are so peculiar, and so radically different from all others of that name, that they require a separate mention—defenses in mitigation of damages, and defenses in abatement.'

"Id. § 569:

"'Matters in mitigation are partial defenses, and it became the settled doctrine of the former procedure that they were to be proved under the general issue.'

"Id. § 570:

" 'In interpreting the language of the Codes, all the common-law notions as to the impossibility of pleading partial defenses should be wholly rejected, for they were based upon reasons purely technical and arbitrary—mere formulas of verbal logic without any real meaning.'

"Id. § 571:

" 'On principle, then, all defenses in mitigation of damages, when they consist of new matter, should be pleaded, and cannot be proved, under the general denial.'

"Mr. Pomeroy cites, as sustaining his views, the case of Mc-Kyring v. Bull, 16 N. Y. [297] 304, 69 Am. Dec. 696, in which Justice Selden discusses at length the English and common-law rules of pleading, and the changes accomplished by the Code of Procedure then recently adopted in that state, and upon which our own Code of Civil Procedure is founded. The views of Justice Selden seem to have been later adopted in that state, by statutory enactment (Code Civ. Proc. § 508, as amended by Laws 1877, c. 416), which requires matters in mitigation and partial defenses to be specially pleaded as such. We believe the foregoing is a correct view of the new system of Code pleading, and that the rule applied by this court in Williams v. Black, 24 S. D. 501, 124 N. W. 728, should be applied in this case.

"The complaint contains only such averments as are necessary to state plaintiff's cause of action. We are therefore inclined to the view that it was competent and proper to plead, by way of answer, facts or circumstances in mitigation of damages, or which would tend to disprove malice, and that the trial court did not err in overruling the demurrer or in its order denying the motion to strike out the matters so pleaded.".

While some authorities hold that evidence in justification may be introduced under a general denial, where malice has been alleged in a complaint, upon the theory that this evidence goes to mitigation of damages and tends to disprove malice, yet we believe that the rule this court chose to follow in Gamble v. Keyes, supra, is the better rule and is preferred by able authority and by courts in code states under statutes similar to ours. See Board of Education of the Independent School District of the City of Huron v.

Whisman, 56 S. D. 472, 229 N. W. 522; Houston & T. C. R. Co. v. Ritter, 16 Tex. Civ. App. 482, 41 S. W. 753, 755; Oregon Engineering & Construction Co. v. City of West Linn et al., 94 Or. 234, 185 P. 750, 753; Abrahamson v. Steele, 176 App. Div. 865, 163 N. Y. S. 827, and Whalen v. Union Bag & Paper Co., 130 App. Div. 313, 114 N. Y. S. 220, 222.

■ Paragraphs V and VI of respondent's answer serve to define the issues, which after all is the real function of an answer, and further, respondent, by said paragraphs, seeks to show why appellant is not entitled to a judgment. It cannot be denied that the essential purpose of an answer is to convey information and measured by that standard these paragraphs become essential to respondent's answer. Abrahamson v. Steele, supra. Measured by the standards set up in text and case law the paragraphs may safely be classified and given a place in respondent's answer as partial defenses.

■ The purpose and right of a defendant to plead partial defenses is ably stated in Whalen v. Union Bag & Paper Co., supra, 114 N. Y. S. at page 222, as follows: "The province of such a defense is to allege facts which, if established, will not destroy the complaint, but will limit or restrict the extent or quality of the relief-granted. It is only from that standpoint that such defense may be attacked by a demurrer as insufficient in law, and it is not insufficient as a partial defense when, admitting the cause of action, it alleges facts which may extenuate or modify the severity of the judgment which otherwise might be rendered against the defendant. The only question on demurrer is whether such defense is sufficient for that limited purpose. Code Civ. Proc. § 508. Whether the judgment should in such manner properly be affected depends on the facts as they appear at the trial, and on the relation of the different facts to each other. The trial court also has considerable discretion as to the effect which shall be given to such facts. We are now dealing simply with the question of pleading, and from that standpoint think it was proper for the defendant by this form of defense, which is authorized by section 508 of the Code of Civil Procedure, to inform in advance the court and the opposing party of the facts it would rely on at the trial in seeking to minimize or extenuate the form of judgment which should be rendered. This view of the practice seems also to have been taken in Straus v.

American Publishers' Association, 103 App. Div. 277, 92 N. Y. S. 1052."

▐ Taking into consideration the allegations of plaintiff's complaint which seems to be based entirely on the mental injury alleged to have been suffered by him, the extent of this injury, if any, may be met by evidence proposed and pleaded in respondent's paragraphs V and VI. We are not now passing upon the evidence which respondent may, if the case continues, introduce, but that she has a right to plead and prove these allegations in mitigation of damages we do not for a moment doubt.

The trial court did not err in overruling appellant's demurrer. The order appealed from is hereby affirmed.

POLLEY, RUDOLPH, and SMITH, JJ., concur.
ROBERTS, J., not sitting.