KOWING et al., Respondents v. WILLIAMS et al., Appellants

(67 N. W.2d 780)

(File No. 9434.   Opinion filed December 31, 1954)

**Jackson & Krause,** Lemmon, for Defendant and Appellant, Carol Williams.

**H. F. Fellows,** Rapid City, **Penfold & Overpeck,** Belle Fourche, for Plaintiffs and Respondents.

ROBERTS, J.   Defendants, owners of a ranch in Harding County, entered into a contract on March 20, 1951, with

plaintiff Frank D. Craig wherein they agreed to sell the ranch for $68,000 of which $1,500 was paid at the time of the execution of the contract and the purchaser agreed to pay the further sum of $1,500 on or before September 1, 1951, and to apply on the remainder of the purchase price and interest one-half the proceeds realized from the sale of crops raised on the property and one-half of the proceeds received from the sale of the increase of all livestock grazed thereon. The sellers agreed to furnish and deliver abstracts of title showing merchantable title and to execute and place a deed in escrow in the bank where payments were to be made. The contract provided that "if buyer shall fail or neglect to make the payments provided by this contract within thirty (30) days from the date when same shall become due and payable as hereinbefore provided, * * * then * * * this agreement shall forthwith cease and terminate and be and become null and void at the option of sellers and without notice and buyer shall and will deliver up and surrender to sellers possession of said above described real estate and the improvements thereon and all payments made under the terms of this contract shall be forfeited to sellers as liquidated damages." On March 22, 1951, the purchaser Frank D. Craig assigned a one-half interest in the contract to plaintiff John W. Kowing.

The purchasers went into possession of the property. The deferred payment of $1,500 was not made on or before September 1, 1951, and the sellers commenced an action for strict foreclosure of the contract. That action was tried and judgment of dismissal entered April 25, 1952. The court made findings to the effect that the sellers had not performed their agreement to furnish abstracts of title; that they had failed to correct a situation with respect to certain buildings represented to have been on the premises described in the contract; and that the purchasers were entitled to possession of the premises. The sellers and defendants in the present action moved onto the ranch premises during the pendency of the strict foreclosure action and took possession. The buyers then commenced an action in forcible entry and detainer. Trial was had and judgment entered therein on May 14, 1952, decreeing that the sellers Carol and Roy Williams had no right to the possession of the ranch and on that date

the present action was instituted wherein the purchasers claim damages for wrongful occupation of the premises. The action was tried to a jury resulting in a verdict in favor of the plaintiffs for the sum of $6,850. Judgment was entered thereon and defendant Carol Williams has appealed.

■ ■ Plaintiffs introduced in evidence the judgment roll consisting of summons, complaint, answer, findings and judgment in each of the former actions. Where a subsequent action between the same parties or their privies is on a different cause of action the judgment in the former operates as an estoppel in respect to issues, claims or defenses actually litigated and determined. Keith v. Willers Truck Service, 64 S.D. 274, 266 N.W. 256, 104 A.L.R. 1471. The answer herein put in issue the asserted right of the plaintiffs to possession. We think that the judgment rolls were admissible as proof of the existence of the right of these plaintiffs to possession.

■ Appellant asserts that the court erred in admitting over objection evidence of damages accruing and wrongful acts done after the commencement of the action; that recovery can embrace only loss already sustained unless there is a supplemental pleading. The gist of the complaint is that defendants forcibly and unlawfully entered into possession of the premises on or about November 1, 1951, ejecting and excluding the plaintiffs from the possession and use of the property. This action as we have stated was instituted on May 14, 1952. The basis of recovery is the loss of profits during the wrongful occupation and there appears to be no question whether or not this is the proper measure of recovery. Plaintiffs introduced evidence of loss of profits arising from the interruption of their right to plant crops and stock the ranch with sheep and cattle during the year 1952. SDC 37.1702 provides: "Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof, or certain to result in the future." This statute alters the rule under which damages were allowed only to the time of the commencement of an action. Peters v. Hoisington, 73 S.D. 144, 37 N.W.2d 410. We think no supplemental pleading was required to permit recovery of damages accru-

ing after the commencement of the action where they result from the wrong specified in the complaint.

■ Appellant assigns as error the refusal of the court to permit her to testify that she consulted counsel and acting upon his advice honestly believed that she and her husband had a lawful right to take and retain possession of the ranch. Objection was made, not that such testimony was hearsay and without foundation as argued in the briefs, but that it was immaterial and not binding on the plaintiffs and not tending to prove a matter in issue. We limit our review to the scope of the objection. Under the provisions of SDC 37.1907, if a person is forcibly ejected or excluded from the possession of his real property, he may recover treble damages in an action against the wrongdoer. In Baldwin v. Bohl, 23 S.D. 395, 122 N.W. 247, 248, cited by counsel, this court said: "The court very properly found that as the defendant was holding possession of the property under a claim of right, he was not liable for the treble damages provided for in section 2322 [SDC 37.1907]." A verdict was directed in that case for the value of one-fourth of the crops raised upon the premises in controversy on the theory that the facts of the case brought it within the rule that when the entry is peaceful, though without agreement, the owner may acquiesce in the entry and recover in assumpsit for use and occupancy. Defendant acquired possession under a verbal contract to exchange properties and there was no forcible entry or exclusion of an occupant. The case is not here in point. Where there is forcible entry within the contemplation of the statute, the question of good or bad faith cannot affect the right to treble damages and whether the act was done upon advice of counsel makes no difference. See Kerr v. O'Keefe, 138 Cal. 415, 71 P. 447. The statute recognizes that forcible entry tends to a breach of the peace and its object is to deter such entry without recourse to legal process.

■ ■ The remaining assignments of error complain of the refusal of the court to give requested instructions. Appellant requested the court to instruct the jury as follows: "No verdict can be rendered against either defendant for damages which are not definite and certain. You may not

assess damage for any loss of claimed profits which is speculative, or uncertain, problematical, or remote." The authorities recognize a distinction between uncertainty as to the cause or fact of damages and uncertainty as to the amount. See Annotation in 78 A.L.R. 858. The rule against indefinite or uncertain damages applies only to such damages as are not the definite or certain results of the wrong. Uncertainty as to the fact is fatal to recovery, but uncertainty as to the measure or extent of the damages does not bar recovery. The proposed instruction as worded is erroneous and misleading.

A number of instructions were requested by appellant concerning treble damages. It is not necessary to set out or discuss these instructions. We think that they were based on the erroneous theory that good faith constitutes under the provisions of SDC 37.1907 an element in a defense to forcible entry.

■ ■ Appellant complains of the refusal of the court to give instructions to the effect that a person exposed to injury is under duty and obligation to minimize and lessen his loss. Matters in mitigation of damages constitute a defense and the burden of pleading and proving that damages would have been lessened by the exercise of reasonable diligence on the part of the plaintiffs was on defendants. Buell v. Greene, 66 S.D. 615, 287 N.W. 509; Northwestern Engineering Co. v. Ellerman, 71 S.D. 236, 23 N.W.2d 273. There was neither allegation nor evidence of the failure of the plaintiffs to exercise reasonable diligence to mitigate damages and the court did not commit error in refusing instructions on such failure.

■ The court refused an instruction that "In this state neither husband nor wife as such is answerable for the acts of the other. You may not assess damages against the defendant Carol Williams in this case, if you find the Plaintiffs suffered any damages for any acts of C. Roy Williams, unless you shall first find that C. Roy Williams acted with the knowledge, consent, permission and authority of Carol Williams." This instruction was substantially covered by one given by the court. The instruction given so nearly in-

cluded the essentials of the one refused that we cannot hold that the refusal was materially prejudicial.

The judgment appealed from is affirmed.

All the Judges concur.