Judson O. MABEE, M.D., and Joan
Funk, Plaintiffs and Appellants,

v.

Milen MILLER, Defendant and Appellee.

No. 13937.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1983.

Decided Oct. 12, 1983.

E. Steeves Smith of Tinan, Padrnos, Smith & Saukerson, Mitchell, for plaintiffs and appellants.

James W. Olson, Armour, for defendant and appellee.

TICE, Circuit Judge.

This is an appeal by Judson O. Mabee and Joan Funk (landlords) from a judgment entered by the court pursuant to a jury verdict denying them damages for appellee's, Milen Miller (tenant), alleged holding over of possession of leased property. Landlords also appeal from the court's order dismissing their motion for a judgment notwithstanding the verdict and alternatively for a new trial. We affirm.

Landlords leased approximately 485 acres of farm land to tenant under a written lease for several one-year periods, ending February 29, 1980. At the end of that time, the parties orally agreed to extend the written lease. In late January of 1982, the landlords' attorney gave notice to tenant that the lease would not be renewed for the 1982 season. Tenant sought legal advice from his attorney, who advised him that SDCL 43–32–22.1 required notice of termination to have been given by November of 1981 and that tenant was entitled to possession through 1982. The attorney then wrote a letter to the landlords' counsel, advising them of the same. The parties were unable to agree on who was entitled to possession and elected to immediately submit their dispute to the circuit court. Tenant has not been in possession of the land since November, 1981.

The parties agreed to a bifurcated trial. In March of 1982, the trial court determined that the lease was a written lease orally extended and that the November notice re-

quired under SDCL 43–32–22.1 did not apply. Judgment was entered granting possession to the landlords.

On July 16, 1982, a jury trial was held to determine whether landlords were entitled to damages. Before the jury was empaneled, the court granted tenant's motion to dismiss landlords' request for attorney's fees. The only issue submitted to the jury was whether tenant willfully held over the real property thereby entitling landlords to double damages. Landlords based their claim to recovery on SDCL 21–3–8, which provides that:

> For willfully holding over real property, by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby.

The jury returned a verdict for the tenant.

■ Landlords argue that the trial court erroneously submitted Instruction Number 5, which states:

> If you find the Defendant held possession of the premises believing and having reason to believe that he was entitled to continue in possession, then you cannot find his holding of the premises to be 'wilful.'

Instruction Number 5 is taken directly from the case of *Banbury v. Sherin,* 4 S.D. 88, 55 N.W. 723 (1893). Under the instruction, it was for the jury to decide whether tenant believed, and had reason to believe, that he was entitled to possession under the circumstances. This is a proper statement of the law in South Dakota and correctly defined the issues for the jury. *See also, Baldwin v. Bohl,* 23 S.D. 395, 122 N.W. 247 (1909).

■ Landlords next argue that the trial court erroneously denied Proposed Instruction Number 2 which reads:

> Where there is forcible entry within the contemplation of the statute, whether the act was done upon advice of counsel makes no difference. The statute recog-nizes that forcible entry tends to [be] a breach of the peace and its object is to deter such entry without recourse to legal process.

The trial court's rejection of this instruction was proper for two reasons.

First, the proposed instruction incorrectly speaks of a "forcible entry." There were no facts supporting an instruction on "forcible entry." The case before the jury related only to a willful holding over of real property. Indeed, there was no physical entry at all by the tenant.

Second, there was no breach of the peace by the tenant. Tenant's only conduct toward possession was to have his attorney advise landlords what tenant felt his rights were concerning the land. The proposed instruction was based on the case of *Kowing v. Williams,* 75 S.D. 454, 67 N.W.2d 780 (1954). In *Kowing,* the trial court refused to allow the defendant to testify that she had consulted counsel and that, acting on his advice, she and her husband honestly believed that they had the right to take and retain possession. In affirming the trial court's ruling, we stated: "Where there is forcible entry within the contemplation of the statute, the question of good or bad faith cannot affect the right to treble damages and whether the act was done upon advice of counsel makes no difference." 75 S.D. at 458, 67 N.W.2d at 783. We recognize that a forcible entry tends to be a breach of the peace. Here, the parties recognized that a dispute existed and went to the courts for a speedy determination of their rights. No breach of the peace was involved in the actions of the tenant.

Landlords argue that they are left at the mercy of the decision of tenant's counsel if the attorney's advice could exculpate the acts of a tenant. However, this advice is only a factor to be considered by the jury in determining whether the tenant "believed and had reason to believe" that he was entitled to possession. It was the tenant's belief and the reasonableness of that belief that the jury must pass on, not the opinion of his counsel.

Landlords next argue that the court improperly excluded the issue of attorney's fees from the jury. Attorney's fees were sought under SDCL 21-3-8 which, besides providing double damages for the period of withholding, allows a party "compensation for the detriment occasioned hereby." This court need not address the question of whether this language allows the awarding of attorney's fees. By its verdict, the jury determined that there was no willful withholding. Therefore, the question of damages or attorney's fees is irrelevant.

The judgment appealed from is affirmed.

All the Justices concur.

TICE, Circuit Judge, sitting for MORGAN, J., disqualified.