PALEN, Respondent, v. PIERCE, Appellant.

(183 N. W. 473.)

(File No. 4869.   Opinion filed July 16, 1921.)

**Landlord and Tenant—Oral Negotiations for Lease, Terms of Subsequently Written Lease and Rent Mortgage Refused by Plaintiff Prospective Lessee, Plowing of Land By, Effect Re Leasing, Estoppel.**

Where plaintiff, a prospective lessee and defendant land owner orally negotiated concerning a lease of land, any contract relative thereto to be put in writing, and defendant subsequently caused a lease and chattel mortgage for rent to be prepared, to which plaintiff refused to assent; he having subsequently gone on land and plowed over 40 acres; **held, no lease was made and neither party intended a binding contract**

until its terms were agreed upon and reduced to writing; nor did the fact that plaintiff plowed the land constitute a lease, nor estop defendant to deny its existence.

Appeal from Circuit Court, Lincoln County. Hon. LOUIS L. FLEEGER, Judge.

Action by Charles Palen, against Charlotte Pierce, administratrix of the Estate of Willis Pierce, deceased, to recover damages for breach of an alleged lease of land. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*A. B. Carlson,* for Appellant.

*Porter & Bartlett,* for Respondent.

POLLEY, P. J. This action is brought to recover damages for the breach of an alleged lease of a quarter section of land. Verdict and judgment were for plaintiff, and from such judgment and order denying a new trial, defendant appeals.

It is the contention of defendant: First, that no contract was entered into between the plaintiff and defendant; and, second, that the evidence is not sufficient to support the verdict.

The negotiations for the lease of the premises took place in August, 1918. Plaintiff and a friend of his called upon Pierce, the owner of the land, for the purpose of leasing the same for the following season. There is a dispute as to just what took place at this meeting, both as to the amount that was to be paid for the use of the land, and the terms of the payment thereof, but it appears from the testimony of both parties that any contract that might be entered into was to be put in writing. The drawing of a lease was talked over at that time. Defendant said it was too late to do it that day, but he afterwards caused a lease and notes and chattel mortgage for rent to be prepared and left with his attorney to be signed by plaintiff. But, when plaintiff went to sign these papers, he claimed they were not made out in accordance with the agreement, and he refused to sign them and they never were signed.

Under these circumstances, we are very clear that no lease ever was made, and that neither party ever intended there should be a binding contract until its terms had been agreed upon and reduced to writing. It is true plaintiff expected to lease the premises, and on the strength of such expectation went on and plowed something over 40 acres of the land, but this did not

constitute a lease nor estop defendant to deny the existence of a lease. Plaintiff claims the plowing was worth $100, and this amount defendant appears to have been willing to pay, and consented that judgment be taken against him by plaintiff for that amount.

This case is very similar to the case of Laabs v. Scholl, recently tried by this court, 180 N. W. 963, though that case was stronger for the plaintiff than this, for in this case some of the terms of the lease never were agreed upon.

The judgment and order appealed from are reversed.