[File No. 6777]

TILDA NELSON, Respondent-Appellant, v. A. R. SCHERLING and Sophia Scherling, Appellants-Respondents.

(300 NW 803)

Opinion filed November 5, 1941.   Rehearing denied November 25, 1941

*Emanuel Sgutt,* for appellants-respondents.

*Burnett, Bergeson & Haakenstad,* for respondent-appellant.

BURR, Ch. J. Herein we consider two appeals—an appeal by defendants from an order denying a motion for judgment notwithstanding the verdict, and an appeal by plaintiff from an order granting a new trial.

In the amended complaint, the plaintiff seeks to recover damages for injuries received through the explosion of an oil burner furnace, alleging that the explosion was caused through the carelessness and negligence of the defendants in failing to keep the burner in good repair and working order, and the burner was part of its heating plant in a house owned by defendants and under their management and control.

In the amended answer, defendants deny that at the time of the occurrence of the injuries, they had possession of, or any control over,

the premises upon which the alleged injuries occurred, or control or possession of the oil burner or furnace alleged to have caused the injuries; deny ownership, and also that the plaintiff suffered any damages because of any negligence or carelessness on their part; and allege that whatever damages plaintiff suffered were caused by her own contributory negligence and want of care.

A verdict was returned for the plaintiff, and thereupon the defendants moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial.

The defendants assert the evidence shows conclusively there is no liability on their part, and, on motion for a new trial:

"1. Irregularity in the proceedings of the court and the adverse party in permitting the attorney for the plaintiff to argue the issue of agency to the jury over the objection of the defendants when such agency was not an issue involved either under the pleadings or the evidence, by reason of which the defendants were prevented from having a fair trial.

"2. Excessive damages appearing to have been given under the influence of passion or prejudice.

"3. Insufficiency of the evidence to justify the verdict and that such verdict is against law.

"4. Error in law occurring at the trial and excepted to by the party making this application."

The assignments of error upon which this motion was based set forth four instances of the refusal of the court to give requested instructions to the jury; alleged error of the court in instructing the jury, in denying a motion for directed verdict, permitting counsel for the plaintiff to argue certain matters to the jury, and in overruling objection to the testimony of a witness; five specifications of the insufficiency of the evidence; and the action of the court in permitting the plaintiff to amend her complaint after the trial.

On the hearing, the court denied the motion for judgment notwithstanding the verdict, but granted the alternative motion for a new trial.

A litigant defeated in the trial court may make a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, and under the provisions of § 7643 of the Supplement, this court may order judgment to be entered "on appeal from the whole order denying such motion when made in the alternative form whether a new trial

was granted or denied by such order." See Welch Mfg. Co. v. Herbst Department Store, 53 ND 42, 48, 204 NW 849, 852.

On defendants' appeal, we are limited in our review to a consideration of whether the appellants have shown that the trial court erred in denying judgment notwithstanding the verdict.

Consequently, so far as defendants are concerned, we do not consider whether the court erred: in refusing to give certain instructions to the jury, in instructing the jury, in admitting testimony objected to, or in the matter of the conduct of counsel. If the court erred, as alleged, these errors have been corrected by the court itself in granting a new trial.

On a review of an order denying a motion for judgment notwithstanding the verdict, this court is limited to a consideration of the evidence. If the record is such that there was some issue of fact to submit to the jury, and the jury rendered a verdict thereon, then it is clear the motion for judgment notwithstanding the verdict should be denied.

It is not necessary to review the decisions of this court setting forth the principle involved. Such motion will not be granted where there is an issue for the jury to pass upon under the evidence, as it does not go to the weight of the evidence. In passing upon such matter, the evidence is considered in the light most favorable to the party against whom the motion is made. State ex rel. Brazerol v. Yellow Cab Co. 62 ND 733, 736, 245 NW 382, 383.

That there was an explosion on the premises maintained by the defendants as their home, and that the plaintiff suffered injury is well sustained by the evidence. A. R. Scherling, the husband, had rented a portion of the premises to one Gransberg, and Gransberg was to operate this oil burner for heating purposes, so as to supply heat for the rooms retained by Scherling, and the room Scherling had rented to a tenant, pay for half of the fuel and for half of the electricity used.

The testimony is undisputed that prior to leaving for Florida defendant, A. R. Scherling, had the burner and furnace overhauled by one Smith, a new bowl installed and the furnace put "in first class condition, same as new."

There is a total lack of evidence to show that there was any defect in this heating apparatus at the time that the tenant Gransberg took charge and there is also a total lack of evidence to show that any defect

developed thereafter. There is no proof that the explosion was caused by any defect in the heating system. Scherling said he left instructions to call this man Smith in case the furnace needed attention. It appears Smith was an experienced furnace man and had installed this furnace about four years before the accident. Whether this instruction was the act of a careful, and cautious man or whether as hinted it was the result of fear on his part that the furnace was defective is not disclosed. There is no evidence showing that it was caused by the latter motive.

. There is no evidence showing that the tenant Gransberg was incompetent.

Nor is there any proof as to the cause of the explosion. There is an attempt to show that the plaintiff had opened the furnace door and therefore the theory was developed that the sudden onrush of air caused an explosion. On the other hand, such action by plaintiff is denied and the theory is advanced that the furnace was improperly handled so that the explosion happened without the door being opened. There is evidence that when the furnace was smoking, a thirteen-year-old girl by the name of Erickson called up the defendant's office and a Miss Nelson therein told her to turn off the two oil valves first, and next the fan, that she did so and three or four seconds thereafter, the explosion occurred. She had no experience with the furnace before. The girl said no one else gave her instructions from the office and we do not know what knowledge or authority Miss Nelson had.

Smith testified he examined the furnace shortly after the accident that there was nothing wrong with the burner, except the valves were out of adjustment, being opened up too far, that turning the fan off too soon and getting too much sooty fire the fire is quenched, that to turn off the valves and shut off the fan at once was incorrect, that the correct way is to "turn off the oil and let it burn until the fire is all gone, then turn the fan off," and that if the proper amount of oil had been in there it would take probably fifteen minutes to burn out and that to shut off valves and the fan immediately thereafter might cause an immediate explosion.

The cross-appeal of the plaintiff is based upon the allegations that the verdict is sustained by the evidence that the negligence of the defendants is clearly established, and that there was no contributory negligence on the part of the plaintiff.

Negligence, the basis of the claim against the defendant, cannot be based upon mere speculation. The court decides that the trial court could well have granted the motion for judgment notwithstanding the . verdict, and being vested with wide discretion in such matters may grant a new trial, when a motion for new trial is made, even if there be no evidence to support the verdict when it is reasonable to believe the defects may be supplied upon a new trial. This is done in furtherance of justice. This proposition is referred to and discussed in Hart v. Rigler, 70 ND 407, 417, 295 NW 308, 312. For this reason, the action of the court in refusing to grant the motion for judgment notwithstanding the verdict and in granting a new trial is affirmed.

In view of a new trial, we deem it wise to call attention to some features disclosed by the record.

The record shows the defendants are husband and wife. The amended complaint charges that both defendants were the owners of the property involved. This is denied by the amended answer. There is no proof in the record showing who is the owner of the property, except in a very indefinite way. When the husband was called for cross-examination under the statute, he was asked, "You are the owners of a house or an apartment house on the north side in Fargo?" And his answer was, "My home, not an apartment house." In other references to the property, he tells how that he rented the property to one Gransberg. All through the case runs the understanding that this property was the home of the two defendants, but who was the owner is not shown definitely. Under the evidence in the case, the court should have granted the motion for judgment notwithstanding the verdict, so far as Mrs. Scherling was concerned, as there is nothing whatever in the record showing she was the owner of the premises, ever had any management or control over the same, or that the renter, Mr. Gransberg, was her tenant or lessee or servant or agent, or was in any way connected with her.

Another point which clearly appears in the case is: the verdict of the jury does not specify the defendants against whom the verdict is rendered. The jury, in its verdict says, "We, the jury, in the above entitled case, do find for the Plaintiff and assess her damages at the sum of Two thousand one hundred sixty six & 75/100 Dollars." Clearly, no verdict should have been rendered against Mrs. Scherling. The

verdict is not limited to Mr. Scherling, who appears to be the only one who had the control and management thereof, unless the defendants have shown that Mr. Gransberg had.

A statement in Brown v. Minneapolis, St. P. & S. Ste. M. R. Co. 46 ND 582, 583, 180 NW 792, refers to such condition. In the case cited, the court says, "The verdict is for the plaintiff, but does not specify that it is against either defendant. For that reason alone, it seems the judgment should be reversed."

In the case at bar, the verdict, if it be given effect, is against both defendants. Doubtless the court considered this, and in going over the entire case, was firmly of the opinion that while the motion for judgment notwithstanding the verdict should not be granted, the interests of justice demanded a new trial because of this situation which had developed upon the trial.

The trial court is vested with wide discretion in granting a motion for a new trial. This is a legal discretion. The court, in denying the motion for judgment notwithstanding the verdict, when such motion is made in the alternative, may grant a new trial, even if there be no evidence to support the verdict, when it is reasonable to believe that the defects may be supplied upon a new trial. This is done in furtherance of justice. This proposition is referred to and discussed in Hart v. Rigler, 70 ND 407, 417, 295 NW 308, 312.

In view of the foregoing the order granting a new trial is affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.