KNUTSON, Appellant v. KNUTSON, Respondent
(80 N.W.2d 871)

(File No. 9601. Opinion filed February 13, 1957)

**Lester H. Herbrandson,** Brookings, for Plaintiff and Appellant.

**Lund & McCann** and **Gordon Mydland,** Brookings, for Defendant and Respondent.

HANSON, J.   This is an action under the Uniform Declaratory Judgments Law to establish the existence and terms of an alleged oral farm lease.   The trial court found the evidence insufficient to establish a lease and entered a negative judgment.   The plaintiff appeals.

The plaintiff's father, Arne O. Knutson, Sr., owned a quarter-section farm in Brookings County until his death on June 18, 1955. He resided thereon during his lifetime with his second wife, Nettie Knutson, the defendant herein. From 1951 until his father's death the plaintiff rented the crop and pasture land on this farm under an oral lease. The defendant, who is plaintiff's stepmother, was aware of such lease but not all of its terms. After the death of Arne O. Knutson, Sr., probate proceedings were commenced in the county court of Brookings County. The will of decedent was admitted to probate on July 18, 1955. After a hearing on September 12, 1955, the county court set aside the land in question to the defendant as her homestead.

The complaint alleges the defendant orally agreed to lease the farm to plaintiff for the crop year of 1956. The evidence in this regard is not too clear. Apparently, however, on the day the will was admitted to probate the plaintiff twice asked defendant if he could have the farm again and defendant indicated her consent. Thereafter in July and August the plaintiff plowed some 50 acres of the land. In a conversation sometime in September the defendant again indicated to plaintiff he could have the farm the following year. However, in October the defendant rented the premises to one Clarence Bolte for the 1956 farm season. The plaintiff then commenced this action asking the court to declare he had an oral lease on the premises for the crop year of 1956 and asking the court to determine and fix the terms of such lease.

As the trial court concluded the evidence fails to establish an oral agreement to lease the property for the year 1956. To constitute a valid lease there must be a meeting of the minds, or mutual assent, on all the essential terms thereof. As our court stated in the case of Kelly v. Wheeler, 22 S.D. 611, 119 N.W. 994, 996: "It is too well established to admit of any controversy that, in order for there to be a binding contract the minds of the parties must meet, and that up to such time as there is a meeting of the minds there can be no contract." The terms or conditions of the lease were never discussed or agreed upon by the parties. The conversations amounted to no more than pre-

liminary negotiations. This is reflected by the following portion of plaintiff's own testimony.

" Q. At any time you talked to your stepmother, was there anything said about the terms? A. No, there wasn't.

"Q. Nothing about the shares? A. No.

"Q. Or cash rent, or delivery of crops, or any reference to any previous arrangements? A. No.

"Q. Just the question, 'Can I have it,' and the answer was 'Yes', according to your story? A. That is right.

"Q. And you say your last talk with her about renting was in September? A. Yes."

■ The first conversations about renting the premises took place several months before the land was set aside to defendant as her homestead. The plowing was performed by the plaintiff merely in expectation of a lease. As stated in the case of Palen v. Pierce, 44 S.D. 316, 183 N.W. 973, "It is true plaintiff expected to lease the premises, and on the strength of such expectation went on and plowed something over 40 acres of the land, but this did not constitute a lease nor estop defendant to deny the existence of a lease."

■ The plaintiff also contends he was a tenant from year to year and such tenancy could not be terminated without 30 days' notice. In this regard, there is no evidence showing the duration of plaintiff's original tenancy. In the absence thereof it will be presumed that a leasing of real property is for one year. SDC 38.0411. According to SDC 38.0415 "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year". In construing the above statute in the case of Banbury v. Sherin, 4 S.D. 88, 55 N.W. 723, 724, this court stated: "Under the provision of the foregoing section, when the lessee held over into the second year, and the lessor accepted rent, the lease was presumed to have been renewed for another year, expiring April 1, 1888, and in the same way it was again renewed until April 1, 1889. In each case it was a lease for one year, and the

lessee, by holding over, became a tenant or trespasser at the will of the landlord, until the lessor had accepted rent, and when that was done he became tenant for another year." By holding over from year to year since 1951 the plaintiff held possession under a succession of yearly tenancies each having a fixed and definite term expiring in the spring of each year. Notice to terminate plaintiff's tenancy was, therefore, not necessary.

Judgment affirmed.

All the Judges concur.