Stanley POCTA and Milo Pocta, Plaintiffs, Appellants, and Cross-Respondents,

v.

KLEPPE CORPORATION and Anna C. Kleppe, as agent of said Corporation, Defendants, Respondents, and Cross-Appellants.

No. 8322.

Supreme Court of North Dakota.

Nov. 16, 1967.

F. C. Rohrich, Linton, and E. T. Christianson, Bismarck, for plaintiffs, appellants, and cross-respondents.

Robert Chesrown, Linton, for defendants, respondents, and cross-appellants; Robert Vogel, Mandan, of counsel.

KNUDSON, Judge.

The jury returned a verdict in favor of the plaintiffs. The defendants moved for judgment notwithstanding the verdict or in the alternative for a new trial. The court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial. The plaintiffs appealed from the order granting the new trial and the defendants cross-appealed from the order denying the motion for judgment notwithstanding the verdict.

The plaintiffs had farmed the defendants' farmland for 15 years, prior to and including the year 1964, on an oral year-to-year lease providing for a one-fourth share of the crops to the defendants, with all expenses of the production of the crop paid by the plaintiffs.

The plaintiffs brought this action alleging that the defendants had refused to rent the land to them for 1965, that the plaintiffs had not been properly notified, that such termination was without justification

and reason, and that they had been damaged as a result of this wrongful termination. The plaintiffs claimed actual damages of $3,350 for certain rock picking operations, for summer-fallowing, and for elimination of quack grass, performed in preparation for the crop year of 1965. The plaintiffs claimed additional damages of $15,000 for loss of use of the land for the crop year of 1965, and asked for treble damages provided for in N.D.C.C. § 32-03-29. They further claimed punitive damages of $50,-000 for an alleged malicious prosecution by the defendant Anna C. Kleppe. The latter claim was based on a complaint signed by Mrs. Kleppe charging the plaintiff Stanley Pocta with trespassing on the land in April of 1965 when he went onto the land to begin spring seeding.

When the case came on for a jury trial the plaintiffs proceeded to try the case on the theory of a renewal of the prior oral year-to-year lease, but during the presentation of the plaintiffs' testimony the plaintiffs changed their theory to that of an express oral lease allegedly entered into on September 16, 1964. They were allowed to amend their complaint accordingly.

At the close of the plaintiffs' case the defendants moved for dismissal of the complaint on the grounds that the plaintiffs had failed to prove any of the allegations therein. The court dismissed the claim for malicious prosecution for failure of proof, and denied the motion as to the other allegations of the complaint.

At the close of all of the evidence the defendants moved for a directed verdict on the following grounds:

One, that the plaintiffs have totally failed to sustain the burden of proof * * * to prove the execution * * * of an oral contract between the plaintiffs and the defendants which would be out of the statute of frauds * * * for the renting of the real estate * * * for the year 1965;

Two, that the plaintiffs have totally failed to establish a contract whereby the defendants ever agreed to pay plaintiffs for any services or work that they might have performed on the land in question during the year 1964 such as removal of rock, summer fallow, and destroying quack grass;

Three, that the plaintiffs have totally failed to show that there was a mutual understanding and agreement, oral or otherwise, between the parties to any contract whatsoever * * *.

This motion was resisted by the plaintiffs and was denied by the court, and the case was submitted to the jury. The jury returned a verdict in favor of the plaintiffs for damages for breach of the oral farm lease in the sum of $3,713.36, and allowed nothing for the plaintiffs' claim for labor and services performed in summer-fallowing, picking rocks and eradicating quack grass.

The defendants moved for judgment notwithstanding the verdict, or in the alternative for a new trial, on substantially the following grounds:

1. That the evidence was insufficient to sustain a finding that an oral lease had been entered into on September 16, 1964.

2. That the alleged oral lease could not be performed within one year from the making thereof and hence would be unenforceable under the statute of frauds.

3. That the evidence was insufficient to support the award of damages.

The court denied the motion for judgment notwithstanding the verdict, but granted the alternative motion for a new trial on all the issues on the cause of action for breach of said contract on the alleged oral farm lease entered into on September 16, 1964.

The plaintiffs appealed from the order granting the motion for new trial and specified as error:

1. The Court erred in granting the motion for new trial and ordering new trial in this case.

2. The Court erred in its finding that insufficient evidence is in the record for a jury to find breach of contract and the damages resulting from that breach.

The defendants cross-appealed from the order denying the motion for judgment notwithstanding the verdict and specified as error:

1. That the Court erred in denying defendants' motion for dismissal of plaintiffs' case at the close of plaintiffs' case in chief * * *.

2. That the Court erred in refusing to grant defendants' motion and request for dismissal of plaintiffs' complaint, and request that the jury be instructed to return a verdict in favor of the defendants * *.

3. That the Court erred in refusing and failing to grant defendants' timely motion for judgment notwithstanding the verdict * * *.

■ On a review of an order denying a motion for judgment notwithstanding the verdict we are limited to a consideration of the evidence. If the record is such that there is some issue of fact for the jury, and the jury rendered a verdict thereon, then the motion for judgment notwithstanding the verdict should be denied. Nelson v. Scherling, 71 N.D. 337, 300 N.W. 803.

■ Such motion will not be granted where there is an issue of fact for the jury to pass upon under the evidence, as it does not go to the weight of the evidence. Nelson v. Scherling, supra. On a motion for judgment notwithstanding the verdict the evidence must be considered in the light most favorable to the one in whose favor the jury returned a verdict. Lining-

ton v. McLean County, 146 N.W.2d 45 (N.D.1966).

After the taking of the testimony for some time of Milo Pocta the trial judge called a recess and requested the attorneys for the parties to retire to his chambers with him.

In chambers the court said, "It makes it a little difficult for me to rule when I don't know what the theory of the lawsuit is."

After some discussion with the attorneys, the trial court said, "Yes. Now the testimony that you have been eliciting so far is to the effect that there is supposed to have been at least an express lease entered into in 1964 for '65."

To which statement Mr. Christianson, one of the attorneys for the plaintiffs, replied, "This is right."

Following a further discussion with the attorneys the court said, "I think you have to make an election which way you are going so that I can intelligently rule."

Then the following colloquy ensued:

MR. CHRISTIANSON: I intend to show a termination on the 16th day of September, 1964, and a renewal on the same day.

THE COURT: An express oral renewal?

MR. CHRISTIANSON: Yes.

MR. CHESROWN: With who?

MR. CHRISTIANSON: With Lars Kleppe.

MR. ROHRICH: Kleppe Corporation.

THE COURT: In other words then, we're not talking about an automatic renewal then of payment of rent and continued possession after the termination of the lease. Then the acts that occurred in January and February and in March or going on the land in April would have no bearing on this question

of the lease then for continuation of the lease.

MR. CHRISTIANSON: That's right.

THE COURT: You're then proceeding under an express oral contract executed in 1964, in September of 1964.

MR. CHRISTIANSON: Yes.

MR. CHESROWN: It isn't alleged in this complaint.

THE COURT: No, it isn't.

\*   \*   \*   \*   \*   \*

THE COURT: Well, I will permit you to amend the complaint * * *.

The complaint, as amended, alleged that on September 16, 1964, the plaintiffs entered into an oral contract with the defendants to farm the defendants' land for the 1965 crop year; that said lease was not legally terminated; that they suffered damages for service and labor performed in 1964 in anticipation of the 1965 crop year; and realleged the other allegations in the previous complaint and prayer as before.

After the conference in chambers the following testimony regarding the alleged express oral lease of September 16, 1964, was elicited. Milo Pocta testified to the conversation he had with Lars Kleppe on that date on a tract of land adjoining the Kleppe land, on which Milo Pocta was combining.

Q. (By Mr. Christianson) Well, Mr. Pocta, you have testified that on the 16th of September, 1964, you went and entered into an oral agreement for the continued rental of the land in question for the crop year 1965?

MR. CHESROWN: If it please the Court, I object to this line of examination that it's leading.

MR. CHRISTIANSON: I'm merely calling his attention to the time and place and the subject matter that he has already testified to.

THE COURT: I'll overrule the objection.

Q. And I ask you now who was present when that agreement was made?

A. Lars and Ann.

Q. And did you state that Mrs. Kleppe was seated in a car?

A. Yes, she was in a car.

\*   \*   \*   \*   \*   \*

Q. Now, tell me exactly what did you say to either of these two parties, and state what one you were addressing yourself to?

A. Well, I was talking to Lars, and then Ann would say some words and I'd answer her. And it was a little politics and—

MR. CHESROWN: What's that?

A. It was a little politics mixed in. And then I said I was going to start picking rock. He said, "Well, go ahead."

Q. Well, tell me about this lease, about the oral contract. Did you ask Mr. Kleppe whether or not you could farm this land in 1965?

MR. CHESROWN: Object, your Honor, as leading.

THE COURT: Overruled. You may answer it.

A. Well, I asked him if I could farm it and he said, "You can farm it as long as you wish."

Q. And to whom did you address that question?

A. Well, to both.

Q. Pardon?

A. To Lars, I presume—to Lars.

Q. Did you at any time address yourself to Mrs. Kleppe, Anna C. Kleppe?

A. Did I ever talk to her, you mean?

Q. Yes, during this time?

A. Well, yes, I did; I talked to her.

Q. What did you say to her?

A. Well, I don't recall what I said to her, but I said—told Lars—he told me, "You can farm it as long as you wish."

Q. Did you ever ask Mrs. Kleppe whether or not you could farm this land in 1965?

A. - - - - -

Q. Did you address yourself directly?

A. Well, I believe I was talking to her just as much as I was to Lars.

Q. Very well. Did Mrs. Kleppe respond to you?

A. - - - - -

Q. Did Mrs. Kleppe say anything to you?

A. She said if I vote for Kleppe I can farm the land as long as I wish.

Q. If you what?

A. If I vote for Tommy, I could farm it as long as I wish.

Q. Who do you have reference to?

A. Tommy Kleppe.

Q. Was he a candidate for public office?

A. He was a candidate for United States Senator.

On recross-examination, Mr. Milo Pocta testified as follows:

Q. [By Mr. Chesrown] Did he ask you whether his grain had all been harvested?

A. Yes.

Q. That the Kleppe Corporation grain had been harvested?

A. Yes.

Q. And you told him it had or had not?

A. It was not.

Q. It was not. And at that time he told you, did he, that "You can farm this land as long as you want," is that right?

A. Yes.

Q. And you said, "I'll farm it as long as I want to," did you?

A. Yes.

Q. To him?

A. Yes.

Q. Is that right?

A. - - - - -

Q. And that was all there was to this conversation at that time?

A. Of any importance.

Q. Did he say to you at that time, "Will you deliver one-fourth bushels to the Kintyre elevator?"

A. No.

Q. Did he ask you to deliver one-fourth bushels to any particular elevator?

A. No.

Q. Was there any conversation about delivering a one-fourth bushel?

A. No.

Q. None whatever?

A. Same as before.

Q. Was there any conversation regarding it, yes or no?

A. I don't believe so.

■ The testimony of the plaintiff is somewhat vague; he nowhere specifically states that he agreed to farm the land upon the terms and conditions stipulated in the old lease. There is a total lack of evidence to show that any of the terms and condi-

tions of the lease were discussed. The conversation between the parties on September 16, 1964, amounted to little more than preliminary negotiations and no oral lease resulted.

To constitute a valid lease there must be a meeting of the minds, or mutual assent, on all the essential terms thereof.

Knutson v. Knutson, 76 S.D. 473, 80 N.W. 2d 871.

It is true the plaintiffs expected to lease the Kleppe land for 1965, and on the strength of such expectations summer-fallowed and picked rock on the land, but this did not constitute a lease or estop defendants to deny the existence of a lease.

The defendants contend that the plaintiffs have failed to prove the allegations of the amended complaint, and, therefore, the defendants are entitled to judgment notwithstanding the verdict.

The trial court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial because, in his opinion, justice would best be served thereby, as stated in the following portion of his memorandum opinion:

Although it would be proper to grant the motion for judgment notwithstanding the verdict on the ground that the evidence is insufficient to find the existence of a lease agreement, since if there was no agreement or lease for 1965, the plaintiffs could have no cause of action. However, since the allegation of an express oral lease did not get into the case until about the middle of the trial, the Court is of the opinion that neither the plaintiffs nor the defendants were prepared to try the case on that theory. * *

It is the opinion of the Court that justice would best be served in this case by granting a new trial rather than a judgment notwithstanding the verdict. For the reasons stated, the Court will grant the motion for *a new trial* on all the issues *on the cause of action for breach of contract* on the alleged express oral farm lease entered into on September 16, 1964. [Emphasis added.]

It was within the discretion of the trial court to deny the motion for judgment notwithstanding the verdict and grant the motion for a new trial in this case.

We have held many times that a motion for new trial based on the insufficiency of the evidence to justify the verdict invokes the trial court's legal discretion to be exercised in the interest of justice. Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, 130 N.W.2d 154 (N.D.1964) And, unless abuse of discretion is shown, the action of the trial court will not be disturbed on appeal Sahli v. Fuehrer, 127 N.W.2d 900 (N.D.1964).

In Olson v. Thompson, 74 N.W.2d 432 (N.D.1956), we said:

Orders granting new trials, on ground of insufficiency of evidence, stand on a firmer foundation in a reviewing court than orders denying new trials, since such orders are not decisive of the case, but only open the way to reinvestigation of the entire case on its facts and merits.

In Nelson v. Scherling, supra, 300 N.W. at 806, we said:

The trial court is vested with wide discretion in granting a motion for a new trial. This is a legal discretion. The court, in denying the motion for judgment notwithstanding the verdict, when such motion is made in the alternative, may grant a new trial, even if there be no evidence to support the verdict, when it is reasonable to believe that the defects may be supplied upon a new trial. This is done in furtherance of justice. * *

From the record it appears that none of the parties were prepared to try the case on the theory of an express oral lease. And this may be particularly true of the plaintiffs, who, so far as the record shows, have failed to prove their allegations of an express oral lease. Although there is no

evidence to support the verdict we do not order judgment notwithstanding the verdict under the circumstances in this case, as it is reasonable to believe the defects may be supplied upon a new trial. We believe justice is better served by affirming the order of the district court granting a new trial.

Even though, on a motion for judgment notwithstanding the verdict or for a new trial, the record may show that there is no evidence to support the verdict, nevertheless, where it is reasonable to believe that the defects in the evidence may be supplied upon a new trial, the motion for judgment notwithstanding the verdict should be denied, and a new trial ordered in furtherance of justice.

Hart v. Rigler, 70 N.D. 407, 295 N.W. 308.

The order granting a new trial is affirmed.

TIEGEN, C. J., and ERICKSTAD and STRUTZ, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.